| | |
|---|---|
| DEAN FOODS COMPANY, | ) |
| Movant, | ) |
| | ) |
| v. | ) CAUSE NO. 2:10-MC-189-PRC |
| | ) |
| PLEASANT VIEW DAIRY CORP., | ) |
| Respondent. | ) |

## OPINION AND ORDER

This matter is before the Court on a Motion to Enforce Subpoena to Pleasant View Dairy Corporation and Compel Production of Documents in Compliance with Subpoena Duces Tecum [DE 1], filed by Movant Dean Foods Company ("Dean") on December 7, 2010. Dean also filed a memorandum in support and a Local Rule 37.1 certification. Respondent Pleasant View Dairy Corp. ("Pleasant View") has not filed a response, and the time to do so has passed.

## BACKGROUND

On January 22, 2010, the United States of America, the State of Wisconsin, the State of Illinois, and the State of Michigan (collectively "Plaintiffs") filed a Complaint in the Eastern District of Wisconsin against Dean. Plaintiffs allege that Dean violated federal antitrust laws through its acquisition of two dairy processing plants from Foremost Farms USA, a dairy cooperative. Specifically, Plaintiffs allege that Dean's acquisition served to "eliminate[] one of Dean's most aggressive competitors" (Compl. ¶ 3) and was "likely to substantially lessen competition" in both the market for the sale of school milk to districts in Wisconsin and the Upper Peninsula of Michigan ("the UP") as well as the market for the sale of fluid milk to retail purchasers in Wisconsin, the UP, and nine counties in northeastern Illinois. (Compl. ¶¶ 4, 8)

As a component of their allegations, Plaintiffs claim that Dean's acquisition "will result in a substantial increase in the concentration of processors that compete to supply fluid milk to purchasers located in the relevant geographic market." (Compl. ¶ 42) Plaintiffs further allege that "Dean and its few remaining competitors will be more likely to decline to bid aggressively for one another's established customers out of concern for retaliation, thereby allocating customers among one another based on a mutual recognition of what supplier serves what customers." (Compl. ¶ 47) Accordingly, to defend against Plaintiff's Complaint, Dean must discover facts from third parties sufficient to address and refute Plaintiffs' allegations about the likelihood that milk processors like Pleasant View, operating within Plaintiffs' alleged geographic markets, will expand their sales in response to a noncompetitive price increase by other suppliers selling fresh fluid milk in those areas.

Dean served Pleasant View with a subpoena on August 25, 2010. The subpoena commanded Pleasant View to produce certain documents by September 20, 2010. A copy of a Protective Order issued by the Eastern District of Wisconsin in the underlying litigation accompanied the subpoena. On October 1, 2010, Pleasant View served a response to the subpoena. In this response, Pleasant View refused to provide counsel for Dean with any information pertaining to Pleasant View's fluid milk capacity and utilization or information regarding Pleasant View's current or potential customers, claiming that this information was "confidential" and "privileged." Following receipt of this response, counsel for Dean spoke with counsel for Pleasant View in an attempt to resolve Pleasant View's concerns by noting that the Eastern District of Wisconsin had issued a Protective Order that would safeguard the confidentiality of Pleasant View's documents. A copy of this Protective Order was sent to Pleasant View's counsel on October 12, 2010.

On November 22, 2010, counsel for Pleasant View sent a supplemental response to Dean's subpoena. This supplemental response did not provide information regarding Pleasant View's capacity utilization, the identities of Pleasant View's current or potential customers, or any information regarding the quantities of fluid milk sold to these customers. Counsel for Dean again spoke with counsel for Pleasant View and, on November 23, 2010, sent correspondence that explained the importance of this information to Dean's defense and informed Pleasant View that if this information were not produced by December 1, 2010, Dean would pursue a motion to compel. As of the date of the motion, Pleasant View has not produced any additional documents responsive to the subpoena.

## ANALYSIS

Federal Rule of Civil Procedure 45(c)(2)(B)(i) provides that "[a]t any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection." Fed. R. Civ. P. 45(c)(2)(B)(i). In its subpoena response, Pleasant View claims that the information requested by Dean regarding capacity utilization, customer identities, and sales information is "confidential" and "privileged." The Court overrules both objections.

First, Pleasant View's concern regarding the confidentiality of its documents is adequately addressed by the Protective Order entered in the underlying action by the United States District Court for the Eastern District of Wisconsin on May 20, 2010. Specifically, the May 20, 2010 Protective Order prohibits the sharing of confidential information produced by third parties like Pleasant View with any Dean personnel, including in-house counsel for Dean, and with any other market participants. This Protective Order restricting Pleasant View's competitors (including Dean personnel) from access to these sensitive documents addresses Pleasant View's concern that

producing these documents may somehow harm its business. Moreover, Pleasant View has failed to establish why this Protective Order would be insufficient to safeguard its confidential information. *See, e.g.*, *Latino Food Marketers, LLC v. Ole Mexican Foods, Inc.*, No. 03-C-190-C, 2004 WL 635553, at *2 (W.D. Wis. Mar. 1, 2004). In addition, the documents sought by Dean appear relevant to the underlying cause of action, and Pleasant View has not offered any argument to the contrary. *See McGrath v. Everest Nat. Ins. Co.*, No. 2:07-CV-34, 2009 WL 1325405, at *1 (N.D. Ind. May 13, 2009) (discussing relevancy standard).

Second, Pleasant View offers no support for its contention that these withheld documents are subject to any privilege nor has it produced the requisite privilege log. As the party objecting to a subpoena on the basis of privilege, Pleasant View "has the burden of demonstrating that the information sought is privileged . . . ." *McGrath*, 2009 WL 1325405, at *1 (discussing the standard under Fed. R. Civ. P. 45(c)(3)(A) for quashing a subpoena based on privilege). To carry this burden, and as Federal Rule of Civil Procedure 45(d) provides, the objecting party must therefore "describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to access the claim." Fed. R. Civ. P. 45(d)(2)(A)(ii). It appears that the documents sought by Dean's subpoena are business documents, not attorney-client communications or other privileged or protected materials, and Pleasant View has not responded to the motion to inform the Court otherwise. Without any information regarding what "privilege" Pleasant View claims these documents are subject to, Pleasant View's objection is insufficient and is overruled. In addition, Pleasant View's failure to produce a privilege log constitutes a waiver of its ability to withhold documents on the basis of privilege: "Rule 45(d)(2)(A)'s requirement of a privilege log is mandatory and non-parties under

4

Rule 45 have a choice: they can either prepare a privilege log or waive any claim of privilege."

*Teton Homes Europe v. Forks*, No. 1:10-CV-33, 2010 WL 3715566, at *3 (N.D. Ind. Sept. 14, 2010) (internal quotation marks omitted) (quoting *Mosely v. City of Chi.*, 252 F.R.D. 445, 449 (N.D. Ill. 2008); *see also Hobley v. Burge*, 433 F.3d 946, 947 (7th Cir. 2006).

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** the Motion to Enforce Subpoena to Pleasant View Dairy Corporation and Compel Production of Documents in Compliance with Subpoena Duces Tecum [DE 1] and **ORDERS** Pleasant View Dairy Corporation to produce the documents requested in Dean's subpoena subject to the Protective Order issued in the Eastern District of Wisconsin in Civil Cause Number 10-00059.

The Court **ORDERS** Dean Foods Company to **SERVE** a copy of its Motion and accompanying documents along with the Court's Order on Pleasant View Dairy Corporation by regular and certified mail with return receipt filed with the Court.

The Court **ORDERS** that Pleasant View Dairy Corporation shall have **30 days** from the date it is served with this Order to comply with this Order.

SO ORDERED this 5th day of January, 2011.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc: All counsel of record

5